## Blackburn v. Blackburn.

May 14, 1943.

Willis Staton for appellant.

Jean Auxier for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

Warnie Blackburn appeals from a judgment dismissing his suit for divorce from Nola Blackburn and allowing her attorney a $50 fee. This suit, based upon charges of adultery and lewd and lascivious conduct, was filed less than two weeks after the court had dismissed his suit based upon the ground of abandonment.

There is no evidence of adultery. The other ground upon which the law authorizes a divorce to the husband is not merely lewd or lascivious behavior. It is such conduct of that character "as proves her to be unchaste." This ground relieves the husband of the more difficult burden of proving actual adultery. It authorizes the conclusion or deduction from proof of the wife's behavior, specific or general, that she is in fact unchaste. This requires proof of facts of an indecent character or evidence which does more than create a mere suspicion of culpability. As stated in Anderson v. Anderson, 152 Ky. 773, 154 S. W. 1, 3, it is not sufficient to prove neighborhood gossip or reputation, or of indiscretions which "were not of so lascivious a character as to demonstrate her lack of chastity." The wife may not be condemned if her acts may be reasonably reconciled with the presumption of innocence. Grove v. Grove, 239 Ky. 32, 39 S. W. (2d) 193.

The evidence does not meet the standard. The evidence of misconduct was confined to a certain night when the defendant and a number of neighbors were sitting up with a corpse, and to her apparent interest in a man who operated a taxicab service between the community in which the parties lived and Pikeville. The evidence as to the first instance is wholly lacking in merit and substance and is refuted by the circumstances and positive testimony. The evidence as to the wife's relations with the taxicab man establish friendliness and flirtation,

and some talk which cannot be regarded as decorous or discreet. That and its implications, however, were denied.

We concur in the conclusion of the chancellor that the plaintiff did not establish his right to a divorce.

Wherefore the judgment is affirmed.